UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-09440-AH-(MAAx) | Date November 5, 2025 |
| Title *Judith Nwaigbo v. HUM Nutrition, Inc.* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Additionally, courts have jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* §

1332(d)(2); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

The Court has reviewed the Complaint and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(d).  Compl, Dkt. No. 1.  The Complaint states generally that "the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than Defendant."  *Id.* ¶ 12 (citing 28 U.S.C. § 1332(d)(2)).  However, only Defendant's citizenship—California and Delaware—is alleged.  *Id.* ¶ 18.  Because there are no non-conclusory allegations that a class member is a citizen of a state other than California or Delaware, the Complaint does not sufficiently allege minimal diversity.

Moreover, Plaintiff generally seeks restitution and states that there are "thousands of members of the proposed Classes."  *See generally* Compl.; *id.* ¶ 37.  However, insufficient information is provided to demonstrate why Plaintiff has a good faith belief that this action has an amount in controversy sufficient to invoke this Court's jurisdiction.  *See, e.g.*, *Song v. Costco Wholesale Corp.*, 2024 WL 5119806, at *3 (W.D. Wash. Dec. 16, 2024).

Plaintiff is ORDERED TO SHOW CAUSE, in writing, within fourteen (14) days from the date of this Order, why this action should not be dismissed for lack of subject matter jurisdiction.  Any response shall be limited to ten (10) pages in length.  As Plaintiff is the party asserting federal jurisdiction, Plaintiff's failure to respond timely and adequately to this Order shall result in dismissal of the action without further notice.

**IT IS SO ORDERED.**